UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KISS NAIL PRODUCTS, INC.,

        Plaintiff

-against-

SALONTECHSPA, TERRY KIM AND AK PRODUCTS, INC.,

        Defendants.

Civil Action No. 12 CV 1910(SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 2 0 2012   ★

LONG ISLAND OFFICE

### FINAL JUDGMENT ON CONSENT

This matter, having been commenced by Plaintiff, Kiss Nail Products, Inc., by filing a complaint charging Defendants, Salontechspa, Terry Kim, and AK Products, Inc, with, *inter alia*, federal trademark infringement under 15 U.S.C. § 1114(a); unfair competition under 15 U.S.C. §§ 1125(a) and related state law claims (the "Civil Action");

Defendants having been duly served with a copy of the summons and complaint in this Civil Action and having answered the Complaint and asserted Counterclaims; and

Defendants having agreed to the entry of this Final Order and Judgment on Consent (the "Judgment"); and

This Court having made the following findings and conclusions:

A.    Plaintiff commenced the Civil Action on April 18, 2012 charging (i) that Defendants' use of the names and marks SALONTECH and SALONTECHSPA and the domain name Salontechspa.com constitutes trademark infringement and unfair competition under federal, state and common law.

B.   The Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the state law claims in this matter under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

C.   The Court has personal jurisdiction over Defendants.

D.   Venue is proper in this District pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b) and (c).

E.   Defendants' conduct constitutes trademark infringement and unfair competition in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a); trademark dilution under N.Y. Gen. Bus. Law § 360-*l*; deceptive trade practices under N.Y. Gen. Bus. Law § 349; and unfair competition under New York common law.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.   Judgment is granted in favor of Plaintiff and against Defendants on Plaintiff's claims for trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a), and on Plaintiff's claims for deceptive trade practices under N.Y. Gen. Bus. Law § 349; trademark dilution under N.Y. Gen. Bus. Law § 360-*l*, and unfair competition under New York common law.

2.   Defendants' counterclaims against Plaintiff are dismissed with prejudice.

3.   Defendants, and their officers, agents, privies, shareholders, principals, directors, affiliates, subsidiaries, successors, assigns, heirs, executors, and designees, and any entity

created, owned or controlled in whole or in part by Defendants, or any by and of the Defendants, now or in the future, are each hereby permanently enjoined and forever restrained from:

(a) using the name or mark Salontech, Salon Tech, Salontechspa, Salontechspa.com, or any false designation of origin or false or misleading representation of fact, or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendants or their goods or services are associated with Plaintiff or any of its related entities, or that Plaintiff or any of its related entities authorizes, licenses, sponsors or otherwise approves the sale or distribution of products by Defendants;

(b) engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of any of Plaintiff's marks or any trade name associated therewith;

(c) engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, any of the Plaintiff's marks or any trade name associated therewith; and

(d) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (c) above.

4. Within five (5) days of the date of entry of this Judgment, Defendants shall transfer to Plaintiff or its authorized agent the domain name salontechspa.com.

5. Any violation by Defendants of any provision of this Judgment or any failure by Defendants to comply with any of the obligations contained in this Judgment shall constitute contempt of a Court order, and Plaintiff shall be entitled to all relief under 18 U.S.C. § 401, *et. seq.* including costs, investigation fees and reasonable attorneys' fees as well all of Plaintiff's

reasonable costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Defendants of any violation or breach of this Judgment, and bringing any action or proceeding for violation or breach of this Judgment, and any other contempt remedies to be determined by the Court which may include additional fines and seizure of property.

6. In consideration of Defendants' entering into this Judgment, Plaintiff discontinues it claims for monetary relief asserted in the Complaint.

7. This Judgment resolves only those claims and demands that were asserted by Plaintiff in the Civil Action against Defendant and all defenses and counterclaims that were or could have been asserted by Defendants in the Civil Action and all relief and remedies requested or that could have been requested by Defendants, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, defenses, remedies and relief.

8. The parties to this Judgment waive all right to appeal from entry of this Judgment.

9. By their signatures and acknowledgments below, the parties understand and agree to be bound by the terms of this Judgment.

10. Defendants acknowledge that they had the opportunity to obtain advice of counsel with respect to this Judgment. Defendants further acknowledges that their decision to enter into this Judgment has not been influenced by any promises, representations, or statements made by Plaintiff or anyone acting on its behalf other than the statements set forth in this Judgment.

11. This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

12. This Judgment is a final judgment and is made part of the public record.

Dated: New York, New York
September 20, 2012

SO ORDERED:

s/ Sandra J. Feuerstein

_____
Hon.
United States District Judge

STIPULATED AND AGREED:

Dated: New York, New York
       9/17, 2012

KISS NAIL PRODUCTS, INC.

By: _____
Name: Richard K. Kim
Title: Chief Financial Officer

Dated: New York, New York
       9/14, 2012

SALONTECHSPA

By: _____
Name: Terry Kim
Title: President

Dated: New York, New York
       9/14, 2012

_____
Name: TERRY KIM

Dated: New York, New York
       9/14, 2012

AK PRODUCTS, INC.

By: _____
Name: TERRY KIM
Title: President